UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE L. MATHIS,<br><br>  Plaintiff,<br><br>  v.<br><br>KEVIN CHAPPELL,<br><br>  Defendant. | Case No. 15-cv-03471-JST<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at California Medical Facility–Vacaville, filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order.

## DISCUSSION

### I.    STANDARD OF REVIEW

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

'[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II.  LEGAL CLAIMS

According to the complaint, during the relevant time period, Plaintiff was housed at San Quentin State Prison ("SQSP") and was a participant in the Mental Health Services Delivery System at the CCCMS level of care. See Docket No. 1 ("Compl.") at 3 and 21. On July 17, 2013, Plaintiff was assigned to the PBSP Administrative Segregation Unit ("ASU"). On September 24, 2013, inmate Barnes, who was also housed at SQSP, committed suicide. See id. at 3. Plaintiff alleges that all CCCMS and EOP inmates are entitled to either a television or radio, pursuant to a suicide prevention program set forth in a June 8, 2006 court order entered in Coleman v. Wilson, et. al. See id. at 4 and 13. Plaintiff did not receive a radio until March 4, 2014. See id. at 4. Plaintiff alleges that Warden Chappell's refusal to distribute a radio or television to him prior to March 4, 2014, constituted deliberate indifference to his serious medical need, in violation of the Eighth Amendment.

Deliberate indifference to serious medical needs violates the Eight Amendment's prohibition against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

Serious medical needs may include mental health care. See Doty v. County of Lassen, 37

F.3d 540, 546 (9th Cir. 1994) (requirements for constitutionally adequate mental health care are the same as those for physical health care needs); Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1989), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995) (mental health care requirements analyzed as part of general health care requirements).  A heightened suicide risk or an attempted suicide is a serious medical need.  See Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010), reinstated as modified by 658 F.3d 897 (9th Cir. 2011).  However, the Eighth Amendment does not require the state to solve inmates' behavioral, emotional and personality problems.  See Capps v. Atiyeh, 559 F. Supp. 894, 917 (D. Or. 1983) (citing Hoptowit, 682 F.2d at 1254–55).  Nor does the routine discomfort that results from incarceration and which is part of the penalty that criminal offenders pay for their offenses against society constitute a serious medical need; rather, a serious medical need "requires an ailment of a greater magnitude or with a cause separate from confinement."  See Doty, 37 F.3d at 546 (plaintiff's nausea, shakes, headache and depressed appetite type of routine discomfort resulting merely from incarceration and concomitant separation from one's family).

Plaintiff has not adequately alleged a claim for deliberate indifference to his serious medical needs.  In his complaint, Plaintiff alleges that, during the relevant time period, he was enrolled in the CCCMS level of care; that he was housed in ASU; and that a fellow inmate committed suicide.  However, he does not explain how these factors constituted a serious medical need for him, e.g., an ailment of a greater magnitude or with a cause separate from confinement.  See Doty, 37 F.3d at 546.  If his allegation is that these combined factors resulted in a heightened suicide risk for him, he should clearly allege that.

With regard to the failure to provide Plaintiff with a radio or television, Plaintiff is cautioned that his allegation suggests nothing more than a difference of opinion with his medical care providers.  "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); see also Toguchi v. Chung, 391 F.3d 1051, 1058–60 (9th Cir. 2004) ("[T]o prevail on a claim involving choices between alternative courses of treatment, the prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,'

3

and was chosen 'in conscious disregard of an excessive risk to the prisoner's health'"). According to the exhibits attached to the complaint, the suicide prevention plan developed by the California Department of Corrections and Rehabilitations ("CDCR") does not focus exclusively on providing a radio or television.  See Compl. at 20.  The suicide prevention plan is multi-pronged and includes pre-placement ASU screening by RNs; custody rounding with 30-minute prisoner welfare checks during prisoners' first three weeks in ASUs; retrofitting some of the ASU cells to remove dangerous architectural features; ensuring the provision of mandated Title 15 out of cell time; reducing length of ASU stays; and providing confidential clinical treatment space in the ASUs.  See id.  In addition, the provision of televisions and radios to inmates housed in ASUs was limited to facilities which had the necessary electrical capacity.  See id.  SQSP did not have the necessary electrical capacity and was accordingly granted a permanent exemption for entertainment appliances in ASU from December 15, 2008 to January 23, 2014.  See id. at 21.  If Plaintiff seeks to pursue an Eighth Amendment claim of deliberate indifference to serious medical needs based on the failure to provide him with a radio or television while he was housed in ASU, he must allege facts showing something more than a difference of opinion.

Finally, to the extent that Plaintiff is alleging that the failure to provide him with a television or radio violated a court order entered in Coleman v. Schwarzenegger, CIV S-90-0520 JFM LKK, Plainitff must seek relief for any such violation in the Coleman case.  A plaintiff who is a member of a class action suit for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief within the same subject matter of the class action.  Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988); McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend to address the deficiencies identified above. Within **twenty-eight (28) days** of the date of this order, Plaintiff shall file an amended complaint.  The amended complaint must include the caption and civil case number used in this order, Case No. C 15-03471 JST (PR) and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  Because an amended complaint

1  completely replaces the previous complaints, Plaintiff must include in his amended complaint all
2  the claims he wishes to present and all of the defendants he wishes to sue.  See Ferdik v. Bonzelet,
3  963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior
4  complaint by reference.

**Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

IT IS SO ORDERED.

Dated:  November 4, 2015

                                                                               _____
                                                                               JON S. TIGAR
                                                                               United States District Judge

United States District Court
Northern District of California