UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE L. MATHIS,<br>　　　　Plaintiff,<br>　　v.<br>KEVIN CHAPPELL,<br>　　　　Defendant. | Case No. 15-cv-03471-JST<br><br>**ORDER SCREENING FIRST AMENDED COMPLAINT** |

Plaintiff, an inmate at California Medical Facility–Vacaville, filed a pro se civil rights complaint under 42 U.S.C. § 1983, which was dismissed with partial leave to amend. See Docket No. 8. Plaintiff has filed an amended complaint (Docket No. 9) which is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

### I.   STANDARD OF REVIEW

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II.     LEGAL CLAIMS

According to the complaint, on July 17, 2013, Plaintiff was placed in the Administrative Segregation Unit ("ASU") at San Quentin State Prison ("SQSP").  Docket No. 9 ("FAC") at 32. At that time, Plaintiff was a participant in the mental health program at SQSP.  FAC at 3.  On September 24, 2013, inmate Barnes, who was housed in the cell next to Plaintiff, committed suicide.  See id.  Plaintiff alleges that inmate Barnes' death could have been prevented and was "inflicted with a total conscious disregard as excessive risk to Plaintiff [sic] health and safety by Defendant Warden Kevin Chappell."  See id.  Plaintiff further alleges that inmate Barnes' death increased his fear of self-harm.  See id.

Plaintiff alleges that, pursuant to a suicide prevention program set forth in a June 8, 2006 court order entered in Coleman v. Wilson & Brown,[1] all inmates housed in ASU cells that meet certain electrical capacity and wiring requirements are entitled to either a radio or a TV.  FAC at 3. Because SQSP ASU cells did not have the necessary electrical capacity, SQSP was granted a permanent exemption from allowing use of entertainment appliances in ASU, starting December 15, 2008.  See id. at 23.  On January 22, 2014, the California Department of Corrections and Rehabilitation put into effect a mandatory multi-powered radio loaner program in ASUs.  See id. at 24.  SQSP's exemption presumably ended after this program went into effect.  Plaintiff received

---

[1] Plaintiff appears to be referring to Coleman v. Brown, CIV S-90-0520 JFM LKK.

a radio on March 4, 2014.  See id. at 4.

On November 7, 2013, Plaintiff filed a grievance complaining about the prison's failure to distribute TVs and radios to inmates housed in ASU.  FAC at 9–12.  On February 3, 2014, the grievance was granted in part at the first level of review in that radios were provided to ASU inmates.  See id. at 18–20.  Plaintiff appealed the decision for a second level review and requested that all cells in ASU be retrofitted to provide power and cable television access, and that sufficient radios be purchased to distribute to all ASU inmates.  See id. at 21.  The second level appeal was reviewed and denied by Warden Chappell.  See id. at 21–22.  Plaintiff's grievance was ultimately denied at the third level.  See id. at 13.

Plaintiff alleges that Warden Chappell's refusal to distribute a radio or television to him during the July 17, 2013 to March 4, 2014 time period, while he was housed in ASU and after an inmate had committed suicide, constituted deliberate indifference to his serious medical need, in violation of the Eighth Amendment.

## III.   ANALYSIS

Deliberate indifference to serious medical needs violates the Eight Amendment's prohibition against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).  A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, id. (citing Wilson, 501 U.S. at 297).

Serious medical needs may include mental health care.  See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) (requirements for constitutionally adequate mental health care are the same as those for physical health care needs); Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1989), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995) (mental health care requirements analyzed as part of general health care requirements).  A heightened suicide risk or

an attempted suicide is a serious medical need. See Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010), reinstated as modified by 658 F.3d 897 (9th Cir. 2011).

The Court finds that, liberally construed, Plaintiff's claim that Warden Chappell's failure to provide him with a radio from July 17, 2013 to March 4, 2014, constituted deliberate indifference to Plaintiff's serious medical need states a cognizable Eighth Amendment claim. However, the Court finds that Plaintiff's claim that Warden Chappell's failure to prevent the suicide of inmate Barnes constituted deliberate indifference to Plaintiff's serious medical need does not state a cognizable Eighth Amendment claim. The Eighth Amendment places upon prison officials an obligation to treat Plaintiff's serious medical needs (e.g, depression, suicidal ideations). Plaintiff does not have standing to challenge whether inmate Barnes received constitutionally adequate medical treatment. See, e.g., Powers v. Ohio, 499 U.S. 400, 410 (1991) (generally speaking, "a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties."). And Plaintiff cites no authority, and the Court is aware of none, that would impose a duty on Defendants to prevent Barnes' suicide as a means of meeting the medical needs of *other* inmates such as Plaintiff.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter with all attachments thereto and a copy of this order upon defendant Kevin Chappell at San Quentin State Prison, San Quentin, CA 94974. A courtesy copy of the amended complaint with its attachments (Docket No. 9) and this order shall also be mailed to the California Attorney General's Office.

2. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **91 days** from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a Rand notice so that Plaintiff will have fair, timely, and adequate notice of what

1  is required of him in order to oppose the motion.  Woods v. Carey, 684 F.3d 934, 939 (9th Cir.
2  2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be
3  served concurrently with motion for summary judgment).  A motion to dismiss for failure to
4  exhaust available administrative remedies similarly must be accompanied by a Wyatt notice.
5  Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

        b.        Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **28 days** from the date the motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.  Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

        c.        Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

3.  Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The Rand and Wyatt notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 939).

4. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

IT IS SO ORDERED.

Dated: February 29, 2016

_____
JON S. TIGAR
United States District Judge